James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
STEVEN C. LOUIE

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

STEVEN C. LOUIE, an individual,

      Plaintiff,

      v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC, a Delaware
Limited Liability Company; HUNT &
HENRIQUES, Attorneys at Law, a
Partnership; MICHAEL S. HUNT,
individually and in his official
capacity; JANALIE HENRIQUES,
individually and in her official
capacity; ANITA HARRIS SINGH,
individually and in her official
capacity; and DOES 1 through 10,
inclusive,

      Defendants.

_____/

Case No.

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

Plaintiff, STEVEN C. LOUIE, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiff or his attorney (which are alleged on personal knowledge), hereby makes the following allegations:

## INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair

- 1 -
COMPLAINT

Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA) and the Rosenthal FDCPA, California Civil Code § 1788 *et seq.* (RFDCPA), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

## JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

<u>VENUE</u>

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

<u>INTRADISTRICT ASSIGNMENT</u>

7. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Francisco County.

<u>PARTIES</u>

8. Plaintiff STEVEN C. LOUIE ("Plaintiff") is a natural person residing in San Francisco County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (PORTFOLIO) is a Limited Liability Company engaged in the business of collecting debts in this State with its principal place of business located in Delaware. PORTFOLIO may be served by serving its Registered Agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. The principal business of PORTFOLIO is collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. PORTFOLIO regularly collects, directly or indirectly, consumer debts it acquires in default (or has treated the debt as if it were in default at the time of acquisition) via U.S. Mail, telephone, internet, and

civil debt collection lawsuits. PORTFOLIO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant HUNT & HENRIQUES, Attorneys at Law (H&H) is a Partnership or California Unincorporated Association engaged in the business of collecting debts in this State with its principal place of business located at: 151 Bernal Road, Suite 8, San Jose, California 95119-1306. H&H may be served at its business address. The principal business of H&H is collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. H&H regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. The principal purpose of H&H's business is the collection of consumer debts due or alleged to be due to another. H&H is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

11. Defendant MICHAEL S. HUNT ("HUNT") is a natural person and licensed attorney in the State of California and is or was a partner, employee and/or agent of H&H at all relevant times. The principal purpose of HUNT's business is the collection of consumer debts due or alleged to be due to another. HUNT may be served at his current business address which is 151 Bernal Road, Suite 8, San Jose, California 95119-1306. HUNT is engaged in the business of collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. HUNT regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. HUNT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

12. Defendant JANALIE HENRIQUES ("HENRIQUES") is a natural person and licensed attorney in the State of California and is or was a partner, employee

and/or agent of H&H at all relevant times. The principal purpose of HENRIQUES' business is the collection of consumer debts due or alleged to be due to another. HENRIQUES may be served at her current business address which is 151 Bernal Road, Suite 8, San Jose, California 95119-1306. HENRIQUES is engaged in the business of collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. HENRIQUES regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. HENRIQUES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

13. Defendant ANITA HARRIS SINGH ("SINGH") is a natural person and licensed attorney in the State of California and is or was a partner, employee and/or agent of H&H at all relevant times. At all relevant times hereto, the principal purpose of SINGH's business was the collection of consumer debts due or alleged to be due to another.  SINGH may be served at her current business address which is SK hynix memory solutions, 3103 N. First Street, San Jose, California 95134. At all times relevant hereto, SINGH was engaged in the business of collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. At all times relevant hereto, SINGH regularly collected, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. At all times relevant hereto, SINGH was a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

14. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all

relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these DOE Defendants with their true names when they are discovered by Plaintiff.

15. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including San Francisco County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

16. Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

17. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

## FACTUAL ALLEGATIONS

18. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account ("the alleged debt"). The alleged debt was incurred primarily for personal, family or household

purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

19. Plaintiff is informed and believes that the original creditor was Sears Solutions Mastercard, issued by HSBC Bank Nevada, N.A.

20. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was transferred by the original creditor to Capital One, N.A. and later claimed by Defendant PORTFOLIO.

21. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise assigned to Defendants H&H, HUNT, and HENRIQUES, for collection from Plaintiff.

22. On or about June 24, 2013, Defendants H&H, HUNT, and HENRIQUES, on behalf of Defendant PORTFOLIO, mailed a letter to Plaintiff LOUIE entitled *Notice of Intent to File Suit and Incur Court Costs* (the "*6/24/2013 Letter*").

23. A true and accurate copy of the *6/24/2013 Letter* is attached hereto, marked Exhibit 1, and by this reference is incorporated herein.

24. The *6/24/2013 Letter* (Exhibit 1) appears to bear an imprint of a signature by Defendant HENRIQUES.

25. The *6/24/2013 Letter* (Exhibit 1) identifies the creditor as PORTFOLIO RECOVERY ASSOCIATES, LLC and fails to identify the original creditor, Sears Solutions Mastercard or HSBC Bank Nevada, N.A. Instead, the *6/24/2013 Letter* (Exhibit 1) seems to imply that the original creditor was Capital One, N.A.

26. Plaintiff is informed and believes, and thereon alleges, that defendant HENRIQUES did not conduct a professional review of Plaintiff's account before drafting and sending the *6/24/2013 Letter* (Exhibit 1) and sending it to Plaintiff.[1]

---

[1]    *See Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

27. Plaintiff is informed and believes, and thereon alleges, that by failing to identify the original creditor in the *6/24/2013 Letter* (Exhibit 1), defendants H&H and HENRIQUES made and used false, deceptive, and misleading material representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).[2]

28. Plaintiff is informed and believes, and thereon alleges, that by failing to identify the original creditor in the *6/24/2013 Letter* (Exhibit 1), defendants H&H and HENRIQUES used an unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

29. On or about August 23, 2013, Defendants filed a lawsuit in the Superior Court of San Francisco County, captioned *Portfolio Recovery Associates, LLC v. Steven C. Louie, et al.*, Case No. CGC-13-533733 ("the *Portfolio v. Louie* complaint"), which sought to collect $1,658.53 in damages.

30. A true and accurate copy of the *Portfolio v. Louie* complaint is attached hereto, marked Exhibit 2, and by this reference is incorporated herein.

31. The first page of the *Portfolio v. Louie* complaint (Exhibit 2) lists attorneys for Defendant PORTFOLIO as Defendants, H&H, HUNT and HENRIQUES. On the second page, the signature block lists Defendants HUNT, HENRIQUES or SINGH as the attorney who is signing the complaint. Plaintiff is informed and believes and there on alleges that SINGH is the attorney who signed the complaint. However, it is not clear whether it was defendant SINGH or possibly HUNT who signed the complaint, and under the least sophisticated consumer standard, it appears from the complaint that all three attorneys, Defendants HUNT, HENRIQUES and SINGH, all professionally reviewed the complaint.

---

[2]     *See Heathman v. Portfolio Recovery Associates*, LLC 2013 WL 3746111 (S.D. Cal. 2013)

32. The *Portfolio v. Louie* complaint (Exhibit 2) falsely states that Plaintiff became indebted directly to Defendant PORTFOLIO.

33. In its First Cause of Action, the *Portfolio v. Louie* complaint (Exhibit 2) falsely states that:

> CC-1. Plaintiff (*name*): PORTFOLIO RECOVERY ASSOCIATES, LLC alleges that defendant (*name*): STEVEN C LOUIE became indebted to other (*name*): CAPITAL ONE, N.A. OR A PREDECESSOR IN INTEREST
>
> a. within the last four years
> (1) on an open book account for money due;
> (2) because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff;
>
> b. within the last four years
> (1) for money had and received by defendant for the use and benefit of plaintiff;
> ...
> (3) for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff the sum of $1,658.53
> (4) for money lent by plaintiff to defendant at defendant's request;
> (5) for money paid, laid out, and expended to or for defendant at defendant's special instance and request.

34. At no time has there been a written agreement between Plaintiff LOUIE and PORTFOLIO nor has Plaintiff breached any written agreement with PORTFOLIO.

35. At no time was there an open book account for money due from Plaintiff LOUIE to PORTFOLIO.

36. At no time was an account stated in writing between PORTFOLIO and Plaintiff LOUIE nor has Plaintiff ever agreed that he was indebted to PORTFOLIO.

37. At no time did Plaintiff LOUIE obtain money for the use and benefit of PORTFOLIO.

38. At no time did Plaintiff LOUIE become directly indebted to PORTFOLIO, as alleged in the *Portfolio v. Louie* complaint (Exhibit 2).

39. The *Portfolio v. Louie* complaint (Exhibit 2) fails to identify the original creditor, as it never mentions Sears Solutions Mastercard or HSBC Bank Nevada, N.A.

40. Plaintiff is informed and believes, and thereon alleges, that the *Portfolio v. Louie* complaint (Exhibit 2) misrepresented the character, amount and legal status of the alleged debt.

41. Plaintiff is informed and believes, and thereon alleges, that defendants HUNT, HENRIQUES and SINGH did not conduct a professional review of Plaintiff's account before drafting and filing the *Portfolio v. Louie* complaint (Exhibit 2) and sending it to Plaintiff.

42. Plaintiff is informed and believes, and thereon alleges, that the *Portfolio v. Louie* complaint (Exhibit 2) misrepresented the role and involvement of legal counsel.

43. Plaintiff is informed and believes, and thereon alleges, that the *Portfolio v. Louie* complaint (Exhibit 2) misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

44. By drafting and filing the *Portfolio v. Louie* complaint (Exhibit 2), Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken.

45. Plaintiff is informed and believes, and thereon alleges, that by failing to identify the original creditor in the *Portfolio v. Louie* complaint (Exhibit 2), defendants made and used false, deceptive, and misleading material representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

46. Plaintiff is informed and believes, and thereon alleges, that by failing to identify the original creditor in the *Portfolio v. Louie* complaint (Exhibit 2), defendants used an unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

47. Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit 2 on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

CLAIMS

FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

49. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

50. Plaintiff STEVEN C. LOUIE is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

51. Defendant PORTFOLIO is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

52. Defendant H&H is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

53. Defendant HUNT is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

54. Defendant HENRIQUES is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

55. Defendant SINGH is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

56. The financial obligation sought to be collected from Plaintiff in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

57. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging

in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b. misrepresenting the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

c. falsely representing or implying that attorneys HUNT, HENRIQUES and SINGH had professionally reviewed Plaintiff's account when the attorneys had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

d. falsely representing the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

e. misrepresenting the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

f. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

g. using an unfair or unconscionable means to collect or attempt to collect a debt by failing to identify the original creditor in the *6/24/2013 Letter* (Exhibit 1), in violation of 15 U.S.C. § 1692f;

h. using an unfair or unconscionable means to collect or attempt to collect a debt by failing to identify the original creditor in the *Portfolio v. Louie* complaint (Exhibit 2), in violation of 15 U.S.C. § 1692f.

58. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

59. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

60. Plaintiff brings the second claim for relief against Defendants PORTFOLIO and H&H under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

61. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

62. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

63. Defendant PORTFOLIO is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

64. Defendant H&H is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

65. The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

66. Defendants PORTFOLIO and H&H violated the RFDCPA, California Civil Code §§ 1788.13(i), 1788.16 and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendant's violations include, but are not limited to:

a. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of Civil Code § 1788.17;

b. misrepresenting the character, amount or legal status of the alleged debt, in violation of Civil Code § 1788.17;

c. falsely representing or implying that attorneys HUNT, HENRIQUES and SINGH had professionally reviewed Plaintiff's account when the attorneys had not done so, in violation of Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

d. falsely representing the role and involvement of legal counsel, in violation of Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

e. misrepresenting the true source or nature of the communication, in violation of Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

f. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Civil Code § 1788.17;

g. using an unfair or unconscionable means to collect or attempt to collect a debt by failing to identify the original creditor in the *6/24/2013 Letter* (Exhibit 1), in violation of Civil Code § 1788.17 (15 U.S.C. § 1692f);

h. using an unfair or unconscionable means to collect or attempt to collect a debt by failing to identify the original creditor in the *Portfolio v. Louie* complaint (Exhibit 2), in violation of Civil Code § 1788.17 (15 U.S.C. § 1692f).

67. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

68. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

69. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

70. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant named in this cause of action, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

71. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

72. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

<u>REQUEST FOR RELIEF</u>

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that all Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants PORTFOLIO and H&H violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i) and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A));

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)) and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

DATED: June 23, 2014          _____/s/ James A. Michel_____
                                                    JAMES A. MICHEL
                                                    State Bar No. 184730
                                                    2912 Diamond St #373
                                                    San Francisco CA 94131
                                                    Tel. # 415/ 239-4949
                                                    Email: attyjmichel@gmail.com

                                                    Attorney for Plaintiff
                                                    STEVEN C. LOUIE

## DEMAND FOR JURY TRIAL

       PLEASE TAKE NOTICE that Plaintiff STEVEN C. LOUIE hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED: June 23, 2014          _____/s/ James A. Michel_____
                                                    JAMES A. MICHEL

# Exhibit 1

# HUNT & HENRIQUE.

MICHAEL S. HUNT
JANALIE HENRIQUES

ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119-1306

TELEPHONE (800)496-5048
FACSIMILE (408)362-2299

**June 24, 2013**

Re: **NOTICE OF INTENT TO FILE SUIT AND INCUR COURT COSTS**
PORTFOLIO RECOVERY ASSOCIATES, LLC / CAPITAL ONE, N.A.
Account number ending in: 8968
Balance due as of June 24, 2013: $1,658.53

Dear STEVEN C LOUIE:

The purpose of this letter is to advise you that our firm intends to file suit against you on behalf of our client PORTFOLIO RECOVERY ASSOCIATES, LLC in an attempt to collect the above identified debt. If a lawsuit is filed and our client prevails, the local court could enter judgment against you for the entire balance of your account. We also intend to seek to recover court costs on behalf of our client.

This communication is from a debt collector.

Very truly yours,

Michael S. Hunt
Janalie Henriques
HUNT & HENRIQUES

The attorney whose signature appears above personally requested this letter be sent after he/she reviewed relevant portions of our file for the limited purpose of sending this letter.

HUNT & HENRIQUES
ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119-1306
RETURN SERVICE REQUESTED

P2SCOO00204095 I04097
S-SFHUHE10 L-DD00027D A-955546.001
STEVEN C LOUIE
2238 43RD AVE
SAN FRANCISCO CA 94116-1529

DD00027D|CHE                    EXHIBIT A                    955546.001

# Exhibit 2

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:
HUNT & HENRIQUES, Attorneys at Law
Michael S. Hunt, ESQ.    #99804
Janalie Henriques, ESQ. #111589
151 Bernal Rd. STE 8,        San Jose, CA 95119-1306
TELEPHONE NO: (408) 362-2270   FAX NO. *(OPTIONAL):* (408) 362-2299
E-MAIL ADDRESS*(Optional):*
ATTORNEY FOR *(Name):*  PLAINTIFF

**FILED**
San Francisco County Superior Court

AUG 2 3 2013

CLERK OF THE COURT
DENNIS TOYAMA
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco CA 94102
BRANCH NAME: San Francisco Limited Division

PLAINTIFF:  PORTFOLIO RECOVERY ASSOCIATES, LLC

DEFENDANT:  STEVEN C LOUIE

[ ] DOES 1 TO _____

### CONTRACT

[ X ] COMPLAINT          [ ] AMENDED COMPLAINT *(Number):*

[ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT *(Number):*

Jurisdiction *(check all that apply):*
[ X ] ACTION IS A LIMITED CIVIL CASE      $1,658.53
    Amount demanded  [ X ] does not exceed $10,000
                       [ ] exceeds $10,000, but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:

CGC - 13 - 533733

1. PLAINTIFF* *(names):* PORTFOLIO RECOVERY ASSOCIATES, LLC

   alleges causes of action against DEFENDANT* *(names):*
STEVEN C LOUIE
2. This pleading, including attachments and exhibits, consists of the following number of pages: _4_
3. a. Each plaintiff named above is a competent adult
   [ X ] except plaintiff *(name):* PORTFOLIO RECOVERY ASSOCIATES, LLC
       [ ] a corporation qualified to do business in California
       [ ] an unincorporated entity *(describe):*
       [ X ] other *(specify):*  A Limited Liability Company

   b. [ ] Plaintiff *(name):*
       [ ] has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

       [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Complaint - Attachment 3c.

4. a. Each defendant named above is a natural person
   [ ] except defendant *(name):*                 [ ] except defendant *(name):*
       [ ] a business organization, form unknown       [ ] a business organization, form unknown
       [ ] a corporation                         [ ] a corporation
       [ ] an unincorporated entity *(describe):*        [ ] an unincorporated entity *(describe):*

       [ ] a public entity *(describe):*              [ ] a public entity *(describe):*

       [ ] other *(specify):*                     [ ] other *(specify):*

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT - Contract**

Code of Civ. Proc., § 425.12



PLD-C-001

| SHORT TITLE:<br>PORTFOLIO RECOVERY ASSOCIATES, LLC V.<br>STEVEN C LOUIE | CASE NUMBER: |
|---|---|

4. *(Continued)*
  b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
    (1) [ ]  Doe defendants (specify Doe numbers): _____ were the agents or employees of the named
        defendants and acted within the scope of that agency or employment.
    (2) [ ]  Doe defendants (specify Doe numbers): _____ are persons whose capacities are unknown to
        plaintiff.
  c. [ ] Information about additional defendants who are not natural persons is contained in Complaint - Attachment 4c.
  d. [ ] Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names)*:

5. [ ] Plaintiff is required to comply with a claims statute, **and**
  a. [ ] plaintiff has complied with applicable claims statutes, or
  b. [ ] plaintiff is excused from complying because *(specify)*:

6. [ ] This action is subject to  [ ] Civil Code section 1812.10  [ ] Civil Code section 2984.4.

7. This court is the proper court because
    a. [ ] a defendant entered into the contract here.
    b. [ ] a defendant lived here when the contract was entered into.
    c. [ X ] a defendant lives here now.
    d. [ ] the contract was to be performed here.
    e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. [ ] real property that is the subject of this action is located here.
    g. [ ] other *(specify)*:

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or
  more causes of action attached)*:
    [ ] Breach of Contract
    [ X ] Common Counts
    [ ] Other *(specify)*:

9. [ ] Other:

10. **PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a. [ X ] damages of $ _$1,658.53_
  b. [ X ] interest on the damages
      (1) [ ] according to proof
      (2) [ X ] at the rate of _0.0000_ percent per year from *(date)*: April 30, 2012
  c. [ ] attorney fees
      (1) [ ] of $ _____
      (2) [ ] according to proof.
  d. [ ] other *(specify)*:

11. [ X ] The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers)*:
    CC-1a(1), CC-1a(2), CC-1b(1), CC-1b(3), CC-1b(4), CC-1b(5)

Date: July 24, 2013
MICHAEL S. HUNT #99804  OR
JANALIE HENRIQUES  #111589
_Anita H. Singh #270985_
_____     _____
(TYPE OR PRINT NAME)         (SIGNATURE OF PLAINTIFF OR ATTORNEY)
*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(2)

| SHORT TITLE: PORTFOLIO RECOVERY ASSOCIATES, LLC v. STEVEN C LOUIE | CASE NUMBER: |
|---|---|

_FIRST_____ **CAUSE OF ACTION - Common Counts**
   (number)

ATTACHMENT TO   [ X ] Complaint   [   ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*:
   PORTFOLIO RECOVERY ASSOCIATES, LLC
   alleges that defendant *(name)*:
   STEVEN C LOUIE
   became indebted to   [   ] plaintiff   [ X ] other *(name)*: CAPITAL ONE, N.A. OR A PREDECESSOR IN
   INTEREST
   a. [ X ] within the last four years
      (1) [ X ] on an open book account for money due.
      (2) [ X ] because an account was stated in writing by and between plaintiff and defendant in which it
            was agreed that defendant was indebted to plaintiff.

   b. [ X ] within the last   [   ] two years   [ X ] four years
      (1) [ X ] for money had and received by defendant for the use and benefit of plaintiff. for work, labor,
      (2) [   ] services and materials rendered at the special instance and request of defendant and for which
            defendant promised to pay plaintiff
               [   ] the sum of $
               [   ] the reasonable value.
      (3) [ X ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
            promised to pay plaintiff
               [ X ] the sum of $  $1,658.53
               [   ] the reasonable value.
      (4) [ X ] for money lent by plaintiff to defendant at defendant's request.
      (5) [ X ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
            request.
      (6) [   ] other *(specify)*:

CC-2. $  $1,658.53            , which is the reasonable value, is due and unpaid despite plaintiff's demand,
   plus prejudgment interest   [   ] according to proof   [ X ] at the rate of  0.0000  percent per year
   from *(date)*: April 30, 2012

CC-3. [   ] Plaintiff is entitled to attorney fees by an agreement or a statute
         [   ] of $
         [   ] according to proof.

CC-4. [ X ] Other:
      PLAINTIFF PURCHASED THE ACCOUNT FROM THE ORIGINAL CREDITOR OR ITS SUCCESSOR(S) IN
   INTEREST.  PLAINTIFF IS THE CURRENT OWNER OF THE ACCOUNT.

Page _3_____

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION - Common Counts**

Code of Civil Procedure, § 425.12

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
San Francisco JUDICIAL DISTRICT

## STATEMENT OF LOCATION/VENUE

**CASE NAME: PORTFOLIO RECOVERY ASSOCIATES, LLC
           V. STEVEN C LOUIE**
CASE NUMBER:

Please check <u>ONE</u> of the following statements to indicate the basis for your filing of the complaint in this Judicial District and fill in the address.

_____1.   Cause of Action arose in this Judicial District.
            Address of the cause of action is:
            _____
            Street              City              Zip Code

_____2.   Property located in this judicial district.  The
            address of this property is:
            _____
            Street              City              Zip Code

_____3.   Tort occurred in this judicial district.  The
            address of the tort is:
            _____
            Street (if known)   City              Zip Code
            (or nearest major intersection)

_____4.   Contract entered into or to be performed in this
            judicial district.  The address where contract
            entered into or to be performed is:
            _____
            Street (if known)   City              Zip Code

_XXX_ 5.    Defendant resides in this judicial district. The
            address of the defendant is:
            2238 43RD AVE SAN FRANCISCO CA 94116
            _____
            Street              City              Zip Code

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: _July 24, 2013_          _____
                                Signature of Plaintiff's Attorney
                                HUNT & HENRIQUES

Hunt & Henriques, Attorneys at Law
Michael S. Hunt, Esq. #99804
Janalie Henriques, Esq. #111589
151 Bernal Road Suite 8
San José CA 95119-1306
Telephone: (408) 362-2270
Facsimile: (408) 362-2299
Attorneys for Plaintiff

**F I L E D**
San Francisco County Superior Court

AUG 23 2013

CLERK OF THE COURT
BY: _____ DENNIS TOYAMA
Deputy Clerk

**HUNT & HENRIQUES**
151 BERNAL ROAD SUITE 8
SAN JOSÉ CALIFORNIA 95119
TELEPHONE: (408) 362-2270
FACSIMILE: (408) 362-2299

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

PORTFOLIO RECOVERY ASSOCIATES, LLC,

Plaintiff,

vs.

STEVEN C LOUIE, et al.,

Defendant(s).

Case No. **C G C - 1 3 - 5 3 3 7 3 3**

**DECLARATION PURSUANT TO CCP 395 (b): VENUE FOR PERSONAL, FAMILY OR HOUSEHOLD OBLIGATIONS.**

I, _____ Michael S. Hunt / Janalie Henriques / Anita Singh _____ ,
(Name of declarant with authority to make declaration)

Declare as follows:

|  |  | Yes | No |
|---|---|---|---|
| 1. | This is an obligation of the defendant for goods, services, loan or extension of credit primarily for personal, family or household use. | ☒ | ☐ |
| 2. | San Francisco is the County: | | |
| a. | In which the defendant in fact signed the contract. | ☒ | ☐ |
| b. | In which the defendant resided at the time the Contract was entered into. | ☒ | ☐ |
| c. | In which the defendant resided at the commencement of the action. | ☒ | ☐ |

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on _____ July 24, 2013 _____ in _____ San José _____ California.

_____
(signature)

Page 1

Declaration Pursuant to CCP 395 (b)

STREAM | JJO                                                          955546.001